(108 So. 542)

## BROWN v. STATE.   (6 Div. 755.)

(Court of Appeals of Alabama.   Feb. 16, 1926.
Rehearing Denied March 16, 1926.)

**1. Seduction ⟨key⟩45.**

Chastity of woman at time of seduction must be proved beyond reasonable doubt, in view of Code 1923, § 5490.

**2. Seduction ⟨key⟩49.**

Whether there is reasonable doubt as to chastity of woman, claimed to have been seduced, *held* for jury.

**3. Seduction ⟨key⟩46.**

There can be no conviction for seduction on uncorroborated testimony of woman as to whom offense is charged.

**4. Seduction ⟨key⟩45.**

Evidence *held* to support finding that woman, as to whom seduction was charged, was chaste at time of offense.

**5. Criminal law ⊖ 1134(1).**

Every ruling of trial court complained of, and to which exception was reserved, must be considered on appeal.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Alex Brown was convicted of seduction, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Brown v. State, 214 Ala. 603, 108 So. 543.

Foster, Rice & Foster, of Tuscaloosa, for appellant.

Brief of counsel on original hearing did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

There was no error in rulings on evidence. Ex parte State, 208 Ala. 68, 93 So. 599; Watts v. State, 8 Ala. App. 264, 63 So. 18; Martin v. State, 19 Ala. App. 251, 96 So. 734; Barlew v. State, 5 Ala. App. 290, 57 So. 601.

BRICKEN, P. J. From a judgment of conviction for seduction, and an indeterminate sentence of imprisonment in the penitentiary of not less than 2 years, nor more than 5 years, the defendant appealed to this court. Numerous questions are presented on this appeal, though no brief has been filed in behalf of appellant.

The alleged injured party, Ila Mitchell, as shown by the evidence, was 17 years of age at the time she first met defendant, who was a man about 47 years old. It was disclosed, without dispute, the defendant having offered no testimony on this question, that the appellant promised to marry the woman in question, and that some time thereafter he had sexual intercourse with her, and in due course of time she gave birth to a child. Prosecutrix testified:

"I never had sexual intercourse with anybody else; the defendant being the first and the only person I ever had intercourse with."

As stated, the evidence was without conflict as to the promise of marriage, and also as to the fact that subsequently the defendant had intercourse with the woman. The defense relied upon was that, at the time of the alleged offense, the prosecutrix was an unchaste woman; and much evidence was adduced tending to establish that fact.

[1, 2] The statute expressly provides that no conviction, for seduction, shall be had, if on the trial it is proved that the woman was unchaste at the time of the alleged commission of the offense. Section 5490, Code 1923. It therefore appears that the chastity of the woman at the time of the commission of the offense is an essential ingredient thereof, and the law is that, if after a consideration of all the evidence the jury entertain a reasonable doubt of the existence of chastity of the woman at the time of the alleged seduction, the defendant must be given the benefit of such reasonable doubt, and is entitled to an acquittal. Whether such doubt exists is a question for the jury to determine.

[3] Nor can there be a conviction for the offense of seduction on the uncorrorborated testimony of the woman upon whom the seduction is charged. Here we note there was some evidence tending to corroborate the testimony of the prosecutrix as to the material statements made by her in giving evidence in this case.

[4] The clear-cut issue as to whether or not the woman was chaste at the time of the alleged offense was presented by the evidence in this case. The jury decided this issue adversely to the defendant, and the evidence adduced, in our opinion, fully justified the jury in the verdict rendered.

[5] Pending the trial, many exceptions were reserved to the court's rulings upon the admission of the evidence. We have, as the law requires, considered every ruling of the court complained of and to which exception was reserved. No useful purpose could be accomplished by a detailed discussion in this connection. We are convinced that appellant was accorded a fair and impartial trial and that no error appears in any ruling of the court calculated to injuriously affect his substantial rights. It clearly appears that the trial judge was perfectly fair to the defendant on this trial. The oral charge of the court was full and well stated. The appellant relied upon a defense which failed him. His every legal right pending the trial was duly safeguarded by the court's rulings.

No error appears. The judgment of the circuit court, from which this appeal was taken, will stand affirmed.

Affirmed.

RICE, J., not sitting, having been of counsel.